UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 AUG -2  P 4: 57

U.S. DISTRICT COURT
HARTFORD, CT.

```
LEROY WILLIAMS, JR.,           :
     Plaintiff,                :
                               :            PRISONER
     v.                        :   Case No. 3:01CV735(RNC)(DFM)
                               :
JOHN ARMSTRONG, et al.,        :
     Defendants.               :
```

RULING AND ORDER

Pending are defendants' motion for more definite statement and plaintiff's motion to amend.

I.   Plaintiff's Motion to Amend [doc. #36]

On April 30, 2001, plaintiff commenced this action by complaint including as defendants John Armstrong, Jack Tokarz and John Doe #1-#9. In response to the court's notice that all claims against the John Doe defendants would be dismissed unless plaintiff filed an amended complaint containing their names and addresses, plaintiff filed a document entitled "Motion for Amended Complaint" in which he provided the names and addresses of eight of the John Doe defendants. The court informed plaintiff of the requirements of a proper amended complaint and afforded him an additional thirty days to file an amended complaint including the names of all defendants and specifying his claims against each defendant.

On February 21, 2003, plaintiff filed his amended complaint including as defendants: John Armstrong, Theresa Lantz, Robert York, Mark Trainor, Robert Martin, Cathy Wilcox, Clinician Arsenault, Mary Cutler and Paul Onofrio. The amended complaint has been served and these defendants have appeared.

Plaintiff has filed a document entitled Motion to Amended Complaint. The motion merely lists the names of various individuals next to numbers. Attached is a copy of the original complaint. Plaintiff previously has been informed that this is not an acceptable amended complaint. Accordingly, plaintiff's motion is denied without prejudice.

Although many of the individuals named in the motion are included as defendants in this case, Marganet Comparelti was not named in the amended complaint. This action concerns an incident that occurred on May 19, 2000. The limitations period for filing a section 1983 action is three years. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994)(holding that, in Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). Thus, plaintiff, who no longer is incarcerated, had until May 19, 2004, to file a claim against a new defendant. Plaintiff did not file his motion until July 20, 2004, which is beyond the limitations period.

Plaintiff may name additional defendants after the expiration of the limitations period only if he complies with the requirements of Rule 15, Fed. R. Civ. P. See James W. Moore, Moore's Federal Practice § 15.19(3)(a) at 15-84 (3d ed. 1997) ("Rule 15 is the only vehicle available for a plaintiff to amend the complaint to change or add a defendant after the statute of limitation has run."). Pursuant to Rule 15(c), an amendment in a pleading relates back to the date of the original pleading where "the amendment changes the party or naming of the party against whom a claim is asserted" and

> within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 15(c)(3). "Mistake" is not restricted to cases of misnomer. The court should permit "an amendment to relate back to add a defendant that was not named at the outset, but was added later when plaintiff realized that the defendant should have been named . . . ." Moore's Federal Practice § 15.19(3)(d) at 15-90. In his motion, the plaintiff must allege a reason for the mistake in omitting the proposed additional defendant from the original pleading. Here, plaintiff offers no reason for failing to include the new defendant in the original complaint.

3

Even if the plaintiff did not know the identity of the new defendant, lack of knowledge is not a mistake for which an amended pleading is allowed to relate back to the date of the original pleading. See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469-70 (2d Cir. 1995), op'n mod'd and aff'd, 74 F.3d 1366, 1367 (2d Cir. 1996) (Rule 15(c) does not permit an amendment to relate back where new defendants were not added to the original complaint because the plaintiff did not know their identities; lack of knowledge cannot be characterized as mistake). Thus, plaintiff may not comply with the requirements of Rule 15(c).

Plaintiff's motion [doc. #36] is denied without prejudice. Plaintiff may refile his motion provided he can comply with the requirements of Rule 15.

II. Defendants' Motion for More Definite Statement [doc. #33]

Defendants ask the court to order plaintiff to file an amended complaint specifying the actions taken by each defendant. They note that the original complaint includes specific allegations against defendants identified only as John Doe #1 through John Doe #9, and the amended complaint includes a list of names but no specific factual allegations.

Motions for more definite statement generally are disfavored and will only be granted "[i]f the pleading to which a responsive pleading is permitted, is so vague and ambiguous that a party

4

cannot reasonably be required to frame a responsive pleading...." Fed. R. Civ. P. 12(e).  The purpose of a complaint is to "inform the defendant as to the general nature of the action and as to the incident out of which a cause of action arose." <u>Bower v. Weisman</u>, 639 F. Supp. 532, 538 (S.D.N.Y. 1986); <u>see also</u> Fed. R. Civ. P. 8; <u>Conley v. Gibson</u>, 355 U.S. 41, 47-48 (1957). Accordingly, Rule 12(e) is "designed to remedy unintelligible pleadings, not merely to correct for lack of detail." <u>Kelly v. L.L. Cool J.</u>, 145 F.R.D. 32, 35 (S.D.N.Y. 1992) (citations omitted), <u>aff'd</u>, 23 F.3d 398 (2d Cir.), <u>cert. denied</u>, 513 U.S. 50 (1994).

In response to defendants' motion, plaintiff filed his motion for leave to amend. Although the court has denied the motion to amend, it will consider the motion as a response to the motion for more definite statement.

In the motion, as in the amended complaint, plaintiff has included a list of numbers and names of correctional staff. Although there are a few differences, many of the numbers remain the same. The court construes this response to be plaintiff's attempt to identify the John Does in the original complaint. For example, John Doe #3 figures most prominently in the original complaint. Plaintiff has identified Mark Trainor as #3 in both the amended complaint and motion to amend. Documents attached to the amended complaint reveal that plaintiff has accused Mark

5

Trainor of threatening and assaulting him. Other identified correctional staff also correspond to the John Doe # that appears next to their names. The court concludes that defendants can determine the nature of the claims against them from these documents. Thus, defendants' motion for more definite statement [doc. #33] is denied.

III. Conclusion

Defendants' motion for more definite statement [**doc. #33**] is **DENIED**. Plaintiff's motion to amend [**doc. #36**] is **DENIED** without prejudice.

This case has been pending for three years. Accordingly, all discovery in this case should be completed on or before **October 1, 2004**. Any motions for summary judgment should be filed on or before **November 1, 2004**.

**SO ORDERED** this __2nd__ day of August, 2004, in Hartford, Connecticut.

DONNA F. MARTINEZ
UNITED STATES MAGISTRATE JUDGE