UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 DEC 21  P 4: 13

U.S. DISTRICT COURT
HARTFORD, CT.

LEROY R. WILLIAMS, JR., :
    Plaintiff, :
v. : CASE NO. 3:01CV735 (DFM)
JOHN J. ARMSTRONG, ET AL., :
    Defendants. :

ORDER AND NOTICE TO PRO SE LITIGANT
REGARDING MOTION FOR SUMMARY JUDGMENT

After a telephonic status conference, it is hereby ordered that the defendants shall file their proposed motion for summary judgment no later than December 31, 2004. Summary judgment may not be granted against a pro se litigant unless the pro se litigant has received adequate notice of the nature and consequences of a summary judgment motion. See Vital v. Interfaith Med. Center, 168 F.3d 615, 621 (2d Cir. 1999). In accordance with this rule, the pro se plaintiff is hereby notified as follows:

**Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Rule 56 of the Local Rules of Civil Procedure, summary judgment may be granted to the defendant and your case may be dismissed without a trial if there is no issue of fact requiring a trial and the defendant is entitled to judgment under the applicable law.**

The defendants have expressed an intention to move for summary judgment in accordance with these rules. If the defendants' motion is granted, judgment will enter in favor of the defendants and your

case will be dismissed without a trial.  **TO AVOID SUMMARY JUDGMENT YOU MUST FILE AND SERVE PAPERS IN ACCORDANCE WITH THIS NOTICE AND ORDER, DEMONSTRATING THAT THERE IS AN ISSUE OF FACT REQUIRING A TRIAL.  IF YOU FAIL TO DO SO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT MAY BE GRANTED AND YOUR CASE MAY BE DISMISSED.**

To demonstrate that this case presents an issue of fact requiring a trial, you must file and serve one or more affidavits that deny the factual assertions contained in the papers submitted by the defendants.  An affidavit is a sworn statement by a witness that the facts contained in the affidavit are true to the best of the witness's knowledge and belief.  To be considered by the court, an affidavit must be signed and sworn to in the presence of a notary public or other person authorized to administer oaths.  In addition to affidavits, you may also file deposition transcripts, responses to discovery requests, and other evidence that supports your claims.  <u>Any facts asserted in an affidavit submitted by the defendants will be accepted as true for purposes of this case unless you controvert those facts by filing one or more counter-affidavits.</u>  Any counter-affidavit must be signed and sworn to under penalty of perjury and must be based on personal knowledge of the matters asserted in the counter-affidavit.

In addition, you must also file and serve a document entitled "Local Rule 56(a)2 Statement," which states -- in separately numbered paragraphs corresponding to the paragraphs contained in

the defendants' Local Rule 56(a)1 Statement -- whether each of the facts asserted by the defendants are admitted or denied. <u>Any fact asserted by the defendants in their Local Rule 56(a)1 Statement will be deemed to be true for purposes of this case unless it is denied in your Local Rule 56(a)2 Statement.</u> Your Local Rule 56(a)2 Statement must also include in a separate section a list of each issue of fact that you think requires a trial.

Finally, you must file and serve a memorandum of law explaining why you believe that the law does not entitle the defendants to judgment in their favor. Local Rule 56 provides that if you fail to submit such a memorandum, the defendants' motion may be granted for good cause shown.

IT IS HEREBY ORDERED THAT YOU FILE AND SERVE THE DOCUMENTS CALLED FOR BY THIS NOTICE AND ORDER NO LATER THAN TWENTY-ONE DAYS AFTER THE DEFENDANTS FILE THEIR MOTION FOR SUMMARY JUDGMENT. FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN DISMISSAL OF THE COMPLAINT.

SO ORDERED at Hartford, Connecticut this 20th day of December, 2004.

Donna F. Martinez
United States Magistrate Judge

3