UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 FEB -4  P 5: 20

U.S. DISTRICT COURT
HARTFORD, CT.

LEROY R. WILLIAMS, JR., :
    Plaintiff, :
    v. : CASE NO. 3:01CV735 (DFM)
JOHN J. ARMSTRONG, ET AL., :
    Defendants. :

ORDER AND NOTICE REGARDING MOTION FOR SUMMARY JUDGMENT

On December 30, 2004, defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal and Local Rules of Civil Procedure, a supporting memorandum of law and a Local Rule 56(c)1 Statement with supporting affidavits. (Doc. #50.) Summary judgment may not be granted against a pro se litigant unless the pro se litigant has received adequate notice of the nature and consequences of a summary judgment motion. See Vital v. Interfaith Med. Center, 168 F.3d 615, 621 (2d Cir. 1999). Plaintiff filed a response to the motion for summary judgment on January 18, 2005. (Doc. #52.) Plaintiff's response to the motion reflects an incomplete understanding of applicable requirements, for he has failed to file any counter-affidavits, see Fed. R. Civ. P. 56(e), memorandum of law in opposition, or Local Rule 56(c)2 Statement. See D. Conn. L. Civ. R. 56(a) and (c). Accordingly, before ruling on the pending motion, the court issues this notice and order to the pro se plaintiff.

Defendants seek summary judgment on the grounds that there is

no genuine issue of material fact for a jury to decide and they are entitled to prevail as a matter of law. Applicable rules of procedure (described below) require you to respond to the factual and legal assertions in defendant's moving papers (listed above) with certain documents and evidence. PLEASE NOTE that your responses must be filed and served on or before February 18, 2005. If you fail to respond as required, summary judgment - if appropriate - may be entered against you, which means that your case will be dismissed and there will be no trial.

### Rule 56 of the Federal Rules of Civil Procedure

Under Federal Rule of Civil Procedure 56(e), you must file one or more affidavits (or other materials that would be admissible in evidence) showing that there is a genuine issue of material fact for trial. Any factual assertions in defendants' affidavits will be accepted as true unless you submit counter-affidavits, deposition transcripts, or other documentary evidence contradicting defendants' assertions.

### Rule 56 of the Local Rules of Civil Procedure for the United States District Court of the District of Connecticut

Local Rule of Civil Procedure 56(a) requires you - as the party opposing summary judgment - to file a memorandum of law in opposition. Failure to file a responsive memorandum may be deemed sufficient cause to grant the motion. In addition, you are required to file a Local Rule 56(c)(2) Statement consisting of two sections. The first section must state - in separately numbered

paragraphs corresponding to the paragraphs contained in defendant's Local Rule 56(c)1 Statement (doc. #50) - whether each of the facts asserted by defendants is admitted or denied. The second section must include a list of each issue of material fact as to which you contend there is a genuine issue to be tried. PLEASE NOTE that if you fail to file a Local Rule 56(c)2 Statement as just described, the court must accept as true the material facts contained in defendants' Local Rule 56(c)1 Statement.

### Issues to Address

In light of the defendants' assertions, your affidavits, Local Rule 56(c)2 Statement and memorandum of law must address the following issues:

(1) Whether you filed or sought to file any formal grievance or take any other administrative action against the defendants for the actions alleged in your Complaint;

(2) If you did not file a grievance or take any other administrative action against the defendants, the reasons why you did not take such action and a description of whatever actions you did take;

(3) If you did not file a grievance, whether any special circumstances exist that would justify your failure to pursue the grievance procedure;

(4) Whether you were required to file a formal grievance or take other administrative action prior to filing this lawsuit

against the defendants; and

(4) Whether any of the defendants were personally involved in the deprivation of rights alleged by you in your Complaint, and a description of each defendant's alleged involvement.

**Again, to be timely, the foregoing papers must be filed and served on or before February 18, 2005.**

SO ORDERED at Hartford, Connecticut this 4th day of February, 2005.

_____
Donna F. Martinez
United States Magistrate Judge